CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Luis Villegas**,<br><br>          Plaintiff,<br><br>     v.<br><br>**Ora Properties, LLC**, a California Limited Liability Company;<br>**Valmor LLC**, a California Limited Liability Company; and **Does 1-10**,<br><br>          Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Luis Villegas complains of Ora Properties, LLC, a California Limited Liability Company; Valmor LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant Ora Properties, LLC owned the real property located at or about 1001 W. Carson Street, Torrance, California, in June 2019.

3.  Defendant Ora Properties, LLC owns the real property located at or about 1001 W. Carson Street, Torrance, California, currently.

1

Complaint

1  4.  Defendant Valmor LLC owned Fatburger located at or about 1001 W.
2  Carson Street, Torrance, California, in June 2019.

3  5.  Defendant Valmor LLC owns Fatburger ("Restaurant") located at or
4  about 1001 W. Carson Street, Torrance, California, currently.

5  6.  Plaintiff does not know the true names of Defendants, their business
6  capacities, their ownership connection to the property and business, or their
7  relative responsibilities in causing the access violations herein complained of,
8  and alleges a joint venture and common enterprise by all such Defendants.
9  Plaintiff is informed and believes that each of the Defendants herein,
10 including Does 1 through 10, inclusive, is responsible in some capacity for the
11 events herein alleged, or is a necessary party for obtaining appropriate relief.
12 Plaintiff will seek leave to amend when the true names, capacities,
13 connections, and responsibilities of the Defendants and Does 1 through 10,
14 inclusive, are ascertained.

15

16 **JURISDICTION & VENUE:**

17 7.  The Court has subject matter jurisdiction over the action pursuant to 28
18 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
19 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

20 8.  Pursuant to supplemental jurisdiction, an attendant and related cause
21 of action, arising from the same nucleus of operative facts and arising out of
22 the same transactions, is also brought under California's Unruh Civil Rights
23 Act, which act expressly incorporates the Americans with Disabilities Act.

24 9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
25 founded on the fact that the real property which is the subject of this action is
26 located in this district and that Plaintiff's cause of action arose in this district.

27
28

2

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in June 2019 with the intention to avail himself of its goods and to assess the business for compliance with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible paths of travel from exterior site arrival points onto the property and to the entrance of the Restaurant.

13. On information and belief, the defendants currently fail to provide accessible paths of travel from exterior site arrival points onto the property and to the entrance of the Restaurant.

14. Additionally, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces.

15. On information and belief, the defendants currently fail to provide accessible dining surfaces.

16. Finally, on the date of the plaintiff's visit, the defendants failed to provide accessible ramps.

17. On information and belief, the defendants currently fail to provide accessible ramps.

18. Plaintiff personally encountered these barriers.

19. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

Complaint

1    22. The barriers identified above are easily removed without much
2    difficulty or expense. They are the types of barriers identified by the
3    Department of Justice as presumably readily achievable to remove and, in fact,
4    these barriers are readily achievable to remove. Moreover, there are numerous
5    alternative accommodations that could be made to provide a greater level of
6    access if complete removal were not achievable.

7    23. Plaintiff will return to the Restaurant to avail himself of its goods and to
8    determine compliance with the disability access laws once it is represented to
9    him that the Restaurant and its facilities are accessible. Plaintiff is currently
10   deterred from doing so because of his knowledge of the existing barriers and
11   his uncertainty about the existence of yet other barriers on the site. If the
12   barriers are not removed, the plaintiff will face unlawful and discriminatory
13   barriers again.

14   24. Given the obvious and blatant nature of the barriers and violations
15   alleged herein, the plaintiff alleges, on information and belief, that there are
16   other violations and barriers on the site that relate to his disability. Plaintiff will
17   amend the complaint, to provide proper notice regarding the scope of this
18   lawsuit, once he conducts a site inspection. However, please be on notice that
19   the plaintiff seeks to have all barriers related to his disability remedied. See
20   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
21   encounters one barrier at a site, he can sue to have all barriers that relate to his
22   disability removed regardless of whether he personally encountered them).
23

24   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
25   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
26   Defendants.) (42 U.S.C. section 12101, et seq.)
27   25. Plaintiff re-pleads and incorporates by reference, as if fully set forth
28   again herein, the allegations contained in all prior paragraphs of this

4

Complaint

1    complaint.

2    26. Under the ADA, it is an act of discrimination to fail to ensure that the

3    privileges, advantages, accommodations, facilities, goods and services of any

4    place of public accommodation is offered on a full and equal basis by anyone

5    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

6    § 12182(a). Discrimination is defined, inter alia, as follows:

7        a.  A failure to make reasonable modifications in policies, practices,

8            or procedures, when such modifications are necessary to afford

9            goods, services, facilities, privileges, advantages, or

10           accommodations to individuals with disabilities, unless the

11           accommodation would work a fundamental alteration of those

12           services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

13       b.  A failure to remove architectural barriers where such removal is

14           readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

15           defined by reference to the ADA Standards.

16       c.  A failure to make alterations in such a manner that, to the

17           maximum extent feasible, the altered portions of the facility are

18           readily accessible to and usable by individuals with disabilities,

19           including individuals who use wheelchairs or to ensure that, to the

20           maximum extent feasible, the path of travel to the altered area and

21           the bathrooms, telephones, and drinking fountains serving the

22           altered area, are readily accessible to and usable by individuals

23           with disabilities. 42 U.S.C. § 12183(a)(2).

24   27. When a business provides paths of travel, it must provide accessible

25   paths of travel.

26   28. Here, accessible paths of travel have not been provided.

27   29. When a business provides ramps, it must provide accessible ramps.

28   30. Here, accessible ramps have not been provided.

Complaint

31. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

32. Here, accessible dining surfaces have not been provided.

33. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

38. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

6

Complaint

1    39. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

2    discomfort or embarrassment for the plaintiff, the defendants are also each

3    responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

4    (c).)

5

6        **PRAYER**:

7        Wherefore, Plaintiff prays that this Court award damages and provide

8    relief as follows:

9        1. For injunctive relief, compelling Defendants to comply with the

10   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

11   plaintiff is not invoking section 55 of the California Civil Code and is not

12   seeking injunctive relief under the Disabled Persons Act at all.

13       2. Damages under the Unruh Civil Rights Act, which provides for actual

14   damages and a statutory minimum of $4,000 for each offense.

15       3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

16   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

17

18   Dated: November 5, 2019          CENTER FOR DISABILITY ACCESS

19

20                                    By:

21

22                                    _____

23                                    Russell Handy, Esq.
                                      Attorney for plaintiff

24

25

26

27

28

Complaint